

FILED
MAR 27 2012
CLERK, U.S. DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
SOUTHERN DIVISION AT SANTA ANA
BY _____ DEPUTY

O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| HERMAN CUSTODIA, et al., <br><br> Plaintiffs, <br><br> v. <br><br> BANK OF AMERICA, et al., <br><br> Defendants. | Case No. SACV 11-01770-MLG <br><br> ORDER DISMISSING COMPLAINT |

On November 17, 2011, Plaintiffs, through counsel, filed this action seeking money damages and declaratory relief arising from their default on a mortgage and loan secured from Defendants. Jurisdiction was apparently based on diversity of citizenship. 28 U.S.C. § 1332(a). In accordance with the Magistrate Judge Civil Consent Pilot Project, the case was directly assigned to Magistrate Judge Marc L. Goldman.

On February 27, 2012, after no proof of service had been filed, Judge Goldman issued an order directing Plaintiffs to show cause in writing, on or before March 16, 2012, why the action should not be

dismissed for failure to effect service or alternatively, demonstrate that service had been made. Plaintiffs were warned that failure to respond to the order or effect service would result in dismissal of the action for failure to prosecute. Plaintiffs did not respond to the order to show cause in the time allowed.

This action shall be dismissed for failure to effect service and failure to prosecute. Rule 4(m) of the Federal Rules of Civil Procedure provides that if service is not made within 120 days after the filing of the complaint, and the plaintiff can not show good cause why service was not made within that period, the action shall be dismissed without prejudice upon the court's own initiative with notice to the plaintiff. Here, the 120 days in which to effect service expired on March 16, 2012. Plaintiffs have not shown good cause for failure to effect service nor have they asked for an extension of time. Notice having been given, dismissal is warranted.

In addition, the Court has the inherent power to dismiss an action based on a plaintiff's failure to diligently prosecute or comply with a court order. Fed.R.Civ.P. 41(b); Local Rule 12.1. See *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-630 (1962). "Dismissal is a harsh penalty and is to be imposed only in extreme circumstances." *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986). The Court is required to weigh the following factors in determining whether to dismiss a case for lack of prosecution: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Omstead v. Dell, Inc*, 594 F.3d 1081, 1084 (9th Cir. 2010); *In re Eisen*, 31 F.3d 1447,

1451 (9th Cir. 1994) (citing *Henderson*, 779 F.2d at 1423).

Here, the public's interest in the expeditious resolution of litigation and the court's interest in managing its docket weighs in favor of dismissal. Given Plaintiffs' failure to serve or respond to the order to show cause, dismissal would not undermine the public policy favoring disposition of cases on the merits. In addition, there is no identifiable risk of prejudice to Defendants.

Balancing all of these factors, dismissal of this action without prejudice for failure to prosecute is warranted.

IT IS SO ORDERED.

Dated: _March 20, 2012_

_____
Audrey B. Collins
Chief United States District Judge

Presented By:

_____
Marc L. Goldman
United States Magistrate Judge